**UNITED STATES of America,**
**Plaintiff**

v.

**Fred CLINE and wife Luzene Cline,**
**Defendants.**

**Civ. No. 1954.**

United States District Court
W. D. North Carolina,
Bryson City Division.

Dec. 6, 1961.

Hugh Monteith, U. S. Atty., Asheville, N. C., Frank M. Parker, J. M. Baley, Jr.,

Asheville, N. C., Counsel for Eastern Band of Cherokee Indians, for plaintiff.

E. B. Whitaker, T. D. Bryson, Jr., Bryson City, N. C., for defendants.

WARLICK, Chief Judge.

This is an action in ejectment instituted by plaintiff, the United States of America, against Fred Cline and wife, Luzene Cline, for the alleged purpose of determining the ownership of two separate tracts of land located in Swain County, in the Western District of North Carolina, to thereby secure possession thereof, and to recover damages for the unlawful detention and use by the defendants.

The trial was by consent had in the Asheville Division and was heard at the July-August 1961 term without a jury. The action was instituted under and by the direction of the Attorney General of the United States and jurisdiction in this court is had under Title 28, Sec. 1345, U.S.C.A.

Prior to the trial five stipulations were agreed upon by counsel representing the parties and from these stipulations, the admissions in the pleadings, and the evidence heard, the following findings of fact and conclusions of law are made.

### Findings of Fact

The defendants, Fred Cline and Luzene Cline, are residents of Swain County, North Carolina, and the lands which are the subject of this action are located in said County and in the Western District.

Prior to July 1, 1924 the Eastern Band of Cherokee Indians held title in fee simple and was the owner and in possession of all of the lands in the State of North Carolina known as the Qualla Boundary of the Cherokee Indian Reservation, containing more than 50,000 acres.

On July 1, 1924 the Eastern Band of Cherokee Indians conveyed in fee simple to the Town of Bryson City, in Swain County, North Carolina, a tract of land within said Qualla Boundary on and ex-tending up the Oconaluftee River within the reservoir area of a proposed dam being constructed by the Town of Bryson City, said tract being more particularly described in a deed dated July 1, 1924 and recorded in Book 51 at page 569 and succeeding pages, in the office of the Register of Deeds of Swain County, North Carolina.

On July 21, 1925 the Eastern Band of Cherokee Indians conveyed to the United States of America, as Trustee for the Eastern Band of Cherokee Indians and its members, all lands in the State of North Carolina known as the Cherokee Indian Reservation, including the Qualla Boundary, and more fully described in a deed recorded in Deed Book 52 at page 353 and following pages, in the Public Registry for Swain County, North Carolina.

The defendants, Fred Cline and Luzene Cline, are now, and have been for several years, occupying two certain tracts of land which are parts of the original Qualla Boundary, which said tracts are set out and fully described in paragraph Five of the Complaint in this action; the tracts are designated as Tracts One and Two.

That the title to Tract No. Two is in the United States in trust for the Eastern Band of Cherokee Indians and is embraced in the lands conveyed to the United States of America as such Trustee by the deed dated July 21, 1925; and recorded in Book 52 at page 353 et seq. in the office of the Register of Deeds for Swain County, North Carolina; and that the right to the possessory use of all or any part thereof, as among different members of the Eastern Band of Cherokee Indians, shall be subject to the decision of the Tribal Council and/or its duly authorized committee.

The question to be determined in this action is the location of the boundary lines of the tract described in the deed from the Eastern Band of Cherokee Indians to the Town of Bryson City, above referred to, as of July 1, 1924. And further that title to Tract No. One is in the

United States except as to any portion or all of said Tract No. One which might be found to lie within the boundary of the land conveyed to the Town of Bryson City.

Subsequently on July 1, 1942, this same tract of land was conveyed by the Town of Bryson City to the Nantahala Power and Light Company and became a part of its hydro-electric development in that section of North Carolina.

Plaintiff among other things contends that the property being occupied at this time by the defendants and every part thereof lies within the original boundary of the Qualla Reservation, and is a part of those lands conveyed to it as trustee by the Eastern Band of Cherokee Indians on July 21, 1925; and that by reason of such conveyance it is the owner of such property as trustee in fee simple for the purposes intended and is entitled to the immediate possession thereof.

The defendants admit that the property in question was originally within the Qualla Boundary. They do not assert or claim a superior title in themselves, but on the contrary set their defenses to this action on the grounds that title to the property claimed and in question is not in the plaintiff, the United States, as trustee, but belongs wholly to the Nantahala Power and Light Company, grantee from the Town of Bryson City. That is to say the defendants contend that the property involved in this controversy was embraced in the conveyance made by the Eastern Band of Cherokee Indians to the Town of Bryson City by the deed of July 1, 1924, and that it could not have been embraced in that tract of land subsequently conveyed to the plaintiff by the Eastern Band of Cherokee Indians on July 21, 1925. A survey thereof would more likely be the best means of determining those lands embraced in said deeds.

The plaintiff offered the testimony of William R. Davis, a graduate civil engineer and land surveyor, and evidence from W. R. Cabe, Chief Civil Engineer for the Nantahala Power and Light Company, both of whom have surveyed the lands embraced in the deed from the Eastern Band of Cherokee Indians to the Town of Bryson City; and that previous to the trial a map was made by Mr. Davis which Mr. Cabe states is practically identical in every way with his survey. This map was offered in evidence and used not only as evidence to explain the testimony of the witnesses but as substantive evidence as to calls, courses and distances, embraced in said deed. Both witnesses stated that in making their surveys they found evidences of previous surveys having been made, and that the survey run by each was practically identical with such previous surveys as indicated by markers found, and irons indicating corners located and other evidences seen, and that the map shows the exact results of the surveys and represents not only the lands contained in the deed to the Town of Bryson City but truly depicts the dividing lines between such lands and those held by plaintiff as trustee of the Eastern Band of Cherokee Indians.

That tract of land set out in the deed from the Eastern Band of Cherokee Indians to the Town of Bryson City dated July 1, 1924, as said tract adjoins the property now in possession of the defendants Fred Cline and Luzene Cline, and is contained within the boundaries of the red line as marked on the map offered in evidence; it does not include any portion of the property described as tract No. 1, or in the possession of the defendants, with the exception of a few points where the red line touches the rear retaining wall constituting the southern foundation wall of the buildings on said property at a height of sixteen to eighteen inches.

From said map together with the evidence offered in explanation it is found as a fact that the true boundary line on July 1, 1924, and continuing up to the present date, between the lands conveyed to the Town of Bryson City by the deed of July 1, 1924, and the lands conveyed to the United States in trust for the Eastern Band of Cherokee

Indians and its members is the red line designated as "contour line" at the elevation of 1,837.41 feet on both sides of the Oconaluftee River as shown on the map introduced as plaintiff's Exhibit No. 1.

The tract of land occupied by the defendants Fred Cline and Luzene Cline, and designated as Tract No. 1 in Paragraph 5 of the complaint, does not lie within the boundary of the land conveyed by the Eastern Band of Cherokee Indians to the Town of Bryson City by the deed dated July 1, 1924, except for a very small portion thereof, which is shown on the map, as the points where the red line touches the bottom of the south foundation wall of the buildings on said property.

That plaintiff has made repeated demands of the defendants to vacate and surrender possession of the lands described as Tract No. 1 in Paragraph 5 of the complaint, and the defendants have failed and refused to vacate said premises and to give possession thereof to the United States.

### Conclusions of Law

This Court has jurisdiction of this action under Title 28, Section 1345, of the United States Code, and all parties are properly before the Court.

■ It has been well settled over the years that in an action of ejectment the burden is on the plaintiff to show a superior title and that he must recover on the strength of his own title and not on the weakness of his adversary. Kuhn v. Chesapeake and O. Ry. Co., 118 F.2d 400 (4 Cir., 1941).

■ The United States as plaintiff has the right to maintain this action in its capacity as trustee for the Eastern Band of Cherokee Indians. In United States v. Colvard, 89 F.2d 312, 314 (4 Cir., 1937) Judge Parker says:

"The controlling fact is that the United States, in a proper exercise of governmental power, has accepted the conveyance of the title to lands for the benefit of these wards of the nation. Having done so, it may bring, in the proper District Court of the United States, any suit necessary or proper for the protection of the lands or the rights of the Indians therein."

■ The United States is the owner in fee simple and entitled to immediate possession of the lands designated as Tracts One and Two in the Complaint, as Trustee for the Eastern Band of Cherokee Indians; that defendants, Fred Cline and Luzene Cline, are trespassing thereon, and should be evicted therefrom; and are to be restrained from interfering in any manner with the enjoyment, possession and control of said lands by the United States, as Trustee for the Eastern Band of Cherokee Indians as aforesaid.

The right to the possessory use of all or any part of both tracts of land which are the subject of this action as among different members of the Eastern Band of Cherokee Indians, shall be subject to the decisions of the Tribal Council of said Band and/or of its duly authorized committee.

The defendants, Fred Cline and Luzene Cline, are taxed with the costs of this action.

In as much as one of the defendants, Luzene Cline, is an Indian and an enrolled member of the Eastern Band of Cherokee Indians, and as such might be recognized by the Tribal Council as the member of the Band who would be entitled to be allotted the possessory use right in some part or all of the lands involved in this action, the Court at this time is holding in abeyance any decisions as to the amount of damages which the plaintiff might be entitled to recover of the defendants by reason of their wrongful trespass upon any or all of said property. The Tribal Council of the Eastern Band of Cherokee Indians is to proceed to determine in the light of this decision the allotment of the possessory use right as among its members to the lands involved in this action and shall certify its decision in this respect to this Court.

Likewise, though not pleaded by the defendants, they in good conscience are possibly entitled to betterments on account of the improvements made to said freeholds during their occupancy thereof; and if they are so advised and accordingly declare such as their desire, they may by amendment interpose said plea to their answer herein and the issue be thus determined at a subsequent hearing, and this cause is accordingly retained for further orders.

Counsel will submit decree.